| Debtor | Office Properties Income Trust | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter    11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Office Properties Income Trust** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **Government Properties Income Trust** |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **26-4273474** |
|---|---|---|

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **Two Newton Place, 255 Washington Street**<br>Number     Street | Number     Street |
| **Suite 300** | |
| **Newton       Massachusetts  02458-1634**<br>City          State        Zip Code | City          State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Middlesex**<br>County | Number     Street |
| | City          State        Zip Code |

| 5. | Debtor's website (URL) | https://www.opireit.com/ |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | Office Properties Income Trust | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5311 (Lessors of Real Estate)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*
☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| | District | | When | MM/DD/YYYY | Case number | |
| | District | | When | MM/DD/YYYY | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

Debtor **See Attached Rider 1**    Relationship

District

Case number, if known                When: **10/30/2025**
MM / DD / YYYY

Debtor ___Office Properties Income Trust_____     Case number *(if known)* _____
Name

**11. Why is the case filed in *this* district?**     *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                            State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**     *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

*Consolidated for all Debtors.

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets***

*Consolidated for all Debtors.

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities***

*Consolidated for all Debtors.

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Office Properties Income Trust | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___**10/30/2025**___
MM/ DD / YYYY

✗ ___*/s/ John R. Castellano*___        John R. Castellano
Signature of authorized representative of debtor        Printed name

Title ___**Chief Restructuring Officer**___

**18. Signature of attorney**

✗ ___*/s/ Timothy A. ("Tad") Davidson II*___        Date ___**10/30/2025**___
Signature of attorney for debtor        MM/DD/YYYY

___**Timothy A. ("Tad") Davidson II**___

___**Hunton Andrews Kurth LLP**___
Firm name

___**600 Travis Street, Suite 4200**___
Number                Street

___**Houston**___        ___**TX**___  ___**77002**___
City        State        ZIP Code

___**(713) 220-4200**___        ___taddavidson@hunton.com___
Contact phone        Email address

___**24012503**___        ___**TX**___
Bar number        State

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OFFICE PROPERTIES INCOME TRUST, | ) | Case No. 25-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-34364.

2. The following financial data is the latest available information and refers to the debtor's condition on September 30, 2025.

   a. Total assets                             $ 3,501,385,950

   b. Total debts (including debts listed in 2.c., below)    $ 2,501,583,119

   c. Debt securities held by more than 500 holders

Approximate number of holders:

| secured ☐ unsecured ☐ | subordinated ☐ | $ See Schedule 1. | _____ |
| secured ☐ unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ unsecured ☐ | subordinated ☐ | $ _____ | _____ |

   d. Number of shares of preferred stock      _____

   e. Number of shares common stock      73,943,439

Comments, if any: _____

_____

_____

3. Brief description of debtor's business: Office Properties Income Trust is a real estate investment trust that owns and leases high-quality office and mixed-use properties across the United States.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: None

Official Form 201A (12/15)

## SCHEDULE 1

The following financial data is the latest available information and refers to the Debtor's financial condition on September 30, 2025:

| Type[1] | Maturity | Principal Amount Outstanding ($M) | Secured/ Unsecured | Approximate Number of Holders (Estimated) |
|---|---|---|---|---|
| 2.650% Senior Notes due 2026 | 6/15/2026 | 133,929,000 | Unsecured | Unknown |
| 2.400% Senior Notes due 2027 | 2/1/2027 | 78,306,000 | Unsecured | Unknown |
| 3.250% Senior Secured Notes due 2027 | 3/15/2027 | 417,994,000 | Secured | Unknown |
| 9.000% Senior Secured Notes due March 2029 | 3/31/2029 | 300,000,000 | Secured | Unknown |
| 9.000% Senior Secured Notes due September 2029 | 9/30/2029 | 609,999,000 | Secured | Unknown |
| 8.000% Senior Priority Guaranteed Unsecured Notes due 2030 | 1/31/2030 | 14,439,000 | Unsecured | Unknown |
| 3.450% Senior Notes due 2031 | 10/15/2031 | 102,402,000 | Unsecured | Unknown |
| 6.375% Senior Notes due 2050 | 6/23/2050 | 162,000,000 | Unsecured | Unknown |
| SOFR + 3.50% Secured Revolving Credit Facility | 1/29/2027 | 325,000,000 | Secured | Unknown |
| SOFR + 3.50% Secured Term Loan | 1/29/2027 | 100,000,000 | Secured | Unknown |
| 8.272% Mortgage Notes | 7/1/2028 | 42,700,000 | Secured | Unknown |
| 8.139% Mortgage Notes | 7/1/2028 | 26,340,000 | Secured | Unknown |
| 7.671% Mortgage Notes | 10/6/2028 | 54,300,000 | Secured | Unknown |
| 7.210% Mortgage Notes | 7/1/2033 | 30,680,000 | Secured | Unknown |
| 7.305% Mortgage Notes | 7/1/2033 | 8,400,000 | Secured | Unknown |
| 7.717% Mortgage Notes | 9/1/2033 | 14,900,000 | Secured | Unknown |

---

[1]   All Mortgage Notes listed on this Schedule 1 are obligations of non-Debtor subsidiaries with Office Properties Income Trust providing a limited guaranty.

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "*Debtors*") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| 112 Ave Miami LLC | 32-0460049 |
| 20 Mass Ave TRS Inc. | 33-2294353 |
| 3400 Plano TX LLC | N/A |
| 440 First Street LLC | 27-4273427 |
| ACP East LLC | N/A |
| Bayside Pkwy Fremont 2 LLC | N/A |
| Burt Street Omaha LLC | N/A |
| Clay Holdco LLC | N/A |
| Clay Road Houston LLC | N/A |
| CRI SIR LLC | N/A |
| Elliott Ave Seattle LLC | N/A |
| Ewing Holdco LLC | N/A |
| First Potomac DC Holdings, LLC | 27-3075027 |
| FP 11 Dupont Circle, LLC | 36-4791396 |
| FP 1211 Connecticut Avenue, LLC | 27-4080392 |
| FP 1401 K, LLC | 37-1753006 |
| FP 1775 Wiehle Avenue, LLC | 52-2057842 |
| FP 540 Gaither, LLC | N/A |
| FP 6310 Hillside Center, LLC | N/A |
| FP 6315 Hillside Center, LLC | N/A |
| FP 840 First Street, LLC | 27-4330837 |
| FP Atlantic Corporate Park, LLC | N/A |
| FP Patuxent Parkway, LLC | N/A |
| FP Redland Technology Center LLC | 20-8781872 |
| FP Sterling Park Land, LLC | N/A |
| GOV Lake Fairfax Inc. | 61-1729331 |
| GOV Lakewood Properties Trust | 27-6392990 |
| GOV NEW OPPTY LP | 82-2609556 |

| Entity Name | Federal Employee Identification Number (EIN) |
| --- | --- |
| GOV NEW OPPTY LP REIT | 82-2625519 |
| GOV NEW OPPTY REIT | 82-2597109 |
| Government Properties Income Trust LLC | 26-4696496 |
| GPT Properties LLC | 27-1581490 |
| GPT Properties Trust | 27-0877883 |
| Grand Oak Circle Tampa LLC | 93-3155257 |
| Jan Davis Huntsville LLC | N/A |
| Office Properties Income Trust | 26-4273474 |
| OPI 25 Exchange LLC | N/A |
| OPI AL Properties LLC | N/A |
| OPI BND Holdings Trust | N/A |
| OPI BND Properties LLC | 99-1334959 |
| OPI Notex Holdings Trust | N/A |
| OPI Notex Properties LLC | N/A |
| OPI TRS Inc. | 27-4390247 |
| OPI WF Borrower LLC | 93-2277944 |
| OPI WF Holding LLC | N/A |
| OPI WF Owner LLC | 93-2278172 |
| Primerica Holdco LLC | N/A |
| Santa Clara (Walsh) LLC | 47-3303567 |
| SC Merger Sub LLC | 35-2518033 |
| Schrock Road Columbus LLC | N/A |
| SIR Campbell Place Inc. | 61-1689205 |
| SIR Centennial LLC | 38-3968959 |
| SIR Colorado Springs LLC | N/A |
| SIR Fort Mill LLC | N/A |
| SIR GP Redwood City LLC | N/A |
| SIR Holdings Corporation | 45-4497237 |
| SIR Irving (Freeport) LLC | N/A |
| SIR Johnston LLC | 88-2954301 |
| SIR Omaha LLC | N/A |
| SIR Operating Partnership LP | 27-2432028 |
| SIR Parsippany (Jefferson) LLC | N/A |
| SIR Philadelphia LLC | N/A |
| SIR Properties REIT LLC | 36-4770404 |
| SIR Properties Trust | 45-4497298 |
| SIR Redwood City LP | 46-5273462 |
| SIR REIT New Braunfels LLC | N/A |
| SIR REIT Plano LLC | N/A |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| SIR Rocklin (Office) LLC | 92-3070103 |
| SIR San Jose LLC | 46-5303116 |
| SIR Santa Clara LP | 37-1790654 |
| SIR Westford LLC | 27-2432028 |
| Twelve24 Atlanta LLC | 87-1274887 |
| West Java Sunnyvale LLC | N/A |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Office Properties Income Trust, | ) | Case No. 25-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| NONE | NONE |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Office Properties Income Trust, | ) | Case No. 25-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS[1]**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] By the *Emergency Motion of Debtors for an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors; (II) Waiving the Requirement to File a List of Equity Security Holders; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information; (IV) Approving the Form and Manner of Notice of Commencement; and (V) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of equity security holders.

Fill in this information to identify the case and this filing:

Debtor Name  Office Properties Income Trust

United States Bankruptcy Court for the: **Southern District of Texas**

(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐   Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐   Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐   Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐   Schedule H: Codebtors *(Official Form 206H)*

☐   Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 10/30/2025 | ☒ */s/ John R. Castellano* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **John R. Castellano** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

## OFFICE PROPERTIES INCOME TRUST

Written Consent of Board of Trustees

October 30, 2025

The undersigned, being at least a majority of the members of the Board of Trustees (the "Board") of Office Properties Income Trust, a Maryland real estate investment trust (the "Trust"),  acting pursuant to the Bylaws of the Trust by written consent, hereby declare these actions to have the same force and effect as if taken at duly held meeting of the Board at which a quorum was present and acting throughout:

WHEREAS:  The Board previously delegated to a special committee of the Board (the "Special Committee") the power and authority to (a) review and evaluate a potential restructuring and/or recapitalization transaction, including with certain holders of the Trust's outstanding debt obligations (any such potential strategic alternative, a "Potential Restructuring Transaction") and consider whether it is fair and in the best interests of the Trust and its shareholders to proceed with a Potential Restructuring Transaction, (b) participate in, and/or consult with and advise management with respect to, in consultation with the Board, discussions and negotiations regarding the terms and conditions of a Potential Restructuring Transaction, (c) recommend to the Board approval of a Potential Restructuring Transaction if the Special Committee determines that such Potential Restructuring Transaction is fair to and in the best interests of the Trust and its shareholders, (d) recommend to the Board rejection of a Potential Restructuring Transaction if the Special Committee determines such Potential Restructuring Transaction is not fair to and in the best interests of the Trust and its shareholders, and (e) consider such other matters as may be requested by the Board, or as the Special Committee may deem to be necessary or appropriate for the Special Committee to fulfill its duties and functions as are authorized herein, and make any recommendations to the Board with respect thereto as the Special Committee deems appropriate, subject, in each case, to the Board's right to approve or reject any such Potential Restructuring Transaction; and

WHEREAS:  The Special Committee has, with the assistance of management, legal advisors and financial advisors of the Trust, (a) considered the liabilities and liquidity of the Trust, the Potential Restructuring Transactions available to the Trust, the strategic alternatives available to them and the impact of the foregoing on the Trust's business, (b) determined that the Potential Restructuring Transactions described in the below resolutions, including the Restructuring Support Agreement (as defined below), are fair to and in the best interests of the Trust, its shareholders and all of its stakeholders, and (c) recommended to the Board that it approve such Potential Restructuring Transactions and such other actions contemplated by the below resolutions, including the Restructuring Support Agreement.

NOW, THEREFORE, BE IT:

Commencement of Chapter 11 Case

RESOLVED:  The Board has determined, it is desirable and in the best interests of the Trust, its shareholders, its creditors and other interested parties, that the Trust seek relief under the provisions of chapter 11 of title 11 of the United States Code; and further

RESOLVED:   That any officer of the Trust, including the Chief Restructuring Officer, John Castellano, (each, an "Authorized Officer"), in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, with full power of delegation, to negotiate, execute, deliver and file in the name and on behalf of the Trust, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper or desirable in connection with the Trust's chapter 11 case (the "Chapter 11 Case"), including, without limitation, (a) the payment of fees, costs, expenses and taxes such Authorized Officer deems necessary, appropriate or desirable, and (b) negotiating, executing, delivering, performing, filing and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices and instruments (or any amendments, supplements or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case; and further

<u>Transaction Documents</u>

RESOLVED:   That in connection with the Chapter 11 Case, the independent trustees of the Board and the Board, voting separately, have determined, after consultation with the legal and financial advisors of the Trust, that it is in the best interests of the Trust, its shareholders, its creditors and all stakeholders to enter into a restructuring support agreement (together with any exhibits and other attachments annexed thereto, the "Restructuring Support Agreement") on terms and conditions substantially similar to those set forth in the form previously provided to the Board (with such changes as may be approved pursuant to the delegation of authority set forth herein); and further

RESOLVED:   That the Board hereby delegates to each Authorized Officer the authority to approve the form, terms and provisions of the Restructuring Support Agreement and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Trust, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and further

RESOLVED:   That any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Trust, to cause the Trust to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, together with such other documents, agreements, instruments, notices and certificates as may be required by or appropriate in connection therewith; and further

RESOLVED:   That any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Trust, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Restructuring Support Agreement and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and further

RESOLVED:   That the Trust is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Trust, to execute, verify and/or file, or cause to be filed and/or executed or verified

(or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all documents reasonably necessary to effectuate the terms of the restructuring detailed in the Restructuring Support Agreement, including without limitation, a plan of reorganization, disclosure statement and related documents consistent with the terms of the Restructuring Support Agreement; and further

<u>Debtor-in-Possession Financing</u>

RESOLVED:     That in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Trust, its shareholders, its creditors and all stakeholders to consummate the transactions under that the proposed debtor-in-possession credit facility consisting of a term loan credit facility of up to $125 million, or such other amount as determined necessary by each Authorized Officer in consultation with the Professionals (as defined below), on terms and conditions substantially similar to those set forth in the form of DIP Term Sheet, dated October 30, 2025 (the "DIP Term Sheet"), previously provided to the Trust (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court, which is necessary and appropriate to conduct the business of the Trust (the "DIP Financing"); and further

RESOLVED:     That the Board hereby delegates to each Authorized Officer the authority to approve the form, terms and provisions of the proposed credit agreement for the DIP Financing contemplated by the DIP Term Sheet (the "DIP Credit Agreement"), including the use of proceeds to provide liquidity for the Trust throughout the Chapter 11 Case and such other uses as described in the DIP Term Sheet, any and all guarantees, security agreements, pledge agreements, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and filed, registered or recorded in connection with the DIP Financing (collectively, the "DIP Financing Documents") or that may be necessary, appropriate, desirable or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Term Sheet and the DIP Credit Agreement or by any such other DIP Financing Document; and further

RESOLVED:     That each Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Trust, to cause the Trust to enter into, execute, deliver, certify, file and record, and perform the obligations arising under, the DIP Financing Documents, together with such other documents, agreements, instruments and certificates as may be required by the DIP Financing Documents, in accordance with the terms thereof; and further

RESOLVED:     That each Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Trust, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Financing Documents and any related documents or instruments which shall, in each Authorized Officer's sole judgment, be necessary, proper or advisable; and further

<u>Retention of Professionals</u>

RESOLVED:     That the Trust is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Trust, to employ

and retain (a) Latham & Watkins LLP, as bankruptcy co-counsel, (b) Moelis & Company, as investment banker, (c) AlixPartners LLP, as restructuring advisor, (d) Hunton Andrews Kurth LLP, as bankruptcy co-counsel, and (e) Kroll Restructuring Administration LLC, as claims, noticing and solicitation agent (collectively, the "Professionals"), in each case, in connection with the Chapter 11 Case; and further

RESOLVED:    That the Trust is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Trust, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist the Trust in carrying out its responsibilities in the Chapter 11 Case and achieving a successful reorganization; and further

RESOLVED:    That the Trust is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of the Trust, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of each Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and further

General Authorization

RESOLVED:    That all acts lawfully done or actions lawfully taken by each Authorized Officer or any of the Professionals in connection with the Chapter 11 Case or any proceedings or matters related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Trust; and further

RESOLVED:    That any acts of the Trust or of any person or persons designated and authorized to act by the Board, including each Authorized Officer, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted in all respects as acts in the name and on behalf of the Trust; and further

RESOLVED:    That each Authorized Officer is authorized and directed on behalf of the Trust to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of the Trust or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Trust under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board; and further

RESOLVED:    That each Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed to take any and all further action that he deems necessary, proper or advisable to carry out fully the intent and purposes of these resolutions.

The undersigned further direct that these actions shall be filed with the minutes of the meetings of the Board and shall be effective as of the date first set forth above when this consent shall have been executed, in one or more counterparts, by at least a majority of the members of the Board.

DocuSigned by:

*Jennifer Clark*

770AFF80E7F6423...

_____

Jennifer B. Clark

_____

Donna D. Fraiche

_____

Barbara D. Gilmore

_____

William A. Lamkin

_____

Timothy R. Pohl

_____

Elena Poptodorova

DocuSigned by:

*Adam Portnoy*

730C3102AE8A467

_____

Adam D. Portnoy

_____

Jeffrey P. Somers

_____

Mark A. Talley

[OPI Written Consent of Board of Trustees]

The undersigned further direct that these actions shall be filed with the minutes of the meetings of the Board and shall be effective as of the date first set forth above when this consent shall have been executed, in one or more counterparts, by at least a majority of the members of the Board.

_____
Jennifer B. Clark

*Donna Fraiche*
_____
Donna D. Fraiche

*Barbara Gilmore*
_____
Barbara D. Gilmore

_____
William A. Lamkin

_____
Timothy R. Pohl

*Hon. Elena Poptodorova*
_____
Elena Poptodorova

_____
Adam D. Portnoy

_____
Jeffrey P. Somers

*Mark Talley*
_____
Mark A. Talley

[OPI Written Consent of Board of Trustees]

The undersigned further direct that these actions shall be filed with the minutes of the meetings of the Board and shall be effective as of the date first set forth above when this consent shall have been executed, in one or more counterparts, by at least a majority of the members of the Board.

_____
Jennifer B. Clark

_____
Donna D. Fraiche

_____
Barbara D. Gilmore

_____
William A. Lamkin

DocuSigned by:
_____
ED155BF247414BA
Timothy R. Pohl

_____
Elena Poptodorova

_____
Adam D. Portnoy

_____
Jeffrey P. Somers

_____
Mark A. Talley

[OPI Written Consent of Board of Trustees]

Fill in this information to identify the case:

Debtor Name: **Office Properties Income Trust, et al.**

United States Bankruptcy Court for the: **Southern District of Texas**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors the 30 Who Have**
**Unsecured Claims and Are Not Insiders**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CSC DELAWARE TRUST COMPANY, AS TRUSTEE FOR 6.375% $162M SENIOR UNSECURED NOTES DUE 2050 251 LITTLE FALLS DR WILMINGTON, DE 19808-1674 | ATTN: RODMAN WARD III, CEO; LAURA CROZIER, PUBLIC RELATIONS MANAGER PHONE: 302-636-5400 EMAIL: ROD.WARD@CSCGLOBAL.COM; LAURA.CROZIER@CSCGLOBAL.COM | DEBT | | $0 | $0 | $162,000,000 |
| 2 | CSC DELAWARE TRUST COMPANY, AS TRUSTEE FOR 2.650% $300M SENIOR UNSECURED NOTES DUE 2026 251 LITTLE FALLS DR WILMINGTON, DE 19808-1674 | ATTN: RODMAN WARD III, CEO; LAURA CROZIER, PUBLIC RELATIONS MANAGER PHONE: 302-636-5400 EMAIL: ROD.WARD@CSCGLOBAL.COM; LAURA.CROZIER@CSCGLOBAL.COM | DEBT | | $0 | $0 | $133,929,000 |
| 3 | CSC DELAWARE TRUST COMPANY, AS TRUSTEE FOR 3.450% $400M SENIOR UNSECURED NOTES DUE 2031 251 LITTLE FALLS DR WILMINGTON, DE 19808-1674 | ATTN: RODMAN WARD III, CEO; LAURA CROZIER, PUBLIC RELATIONS MANAGER PHONE: 302-636-5400 EMAIL: ROD.WARD@CSCGLOBAL.COM; LAURA.CROZIER@CSCGLOBAL.COM | DEBT | | $0 | $0 | $102,402,000 |
| 4 | CSC DELAWARE TRUST COMPANY, AS TRUSTEE FOR 2.400% $350M SENIOR UNSECURED NOTES DUE 2027 251 LITTLE FALLS DR WILMINGTON, DE 19808-1674 | ATTN: RODMAN WARD III, CEO; LAURA CROZIER, PUBLIC RELATIONS MANAGER PHONE: 302-636-5400 EMAIL: ROD.WARD@CSCGLOBAL.COM; LAURA.CROZIER@CSCGLOBAL.COM | DEBT | | $0 | $0 | $78,306,000 |
| 5 | COMPUTERSHARE TRUST COMPANY, N.A., AS TRUSTEE FOR 8.000% $14M SENIOR UNSECURED NOTES DUE 2030 1505 ENERGY PARK DRIVE ST. PAUL, MN 55108 | ATTN: CORBIN B. CONNELL PHONE: 612-448-7325 EMAIL: CORBIN.CONNELL@COMPUTERSHARE.COM | DEBT | | $0 | $0 | $14,439,000 |
| 6 | CITY OF NORFOLK 222 EAST MAIN STREET NORFOLK, VA, 23510 | ATTN: GENERAL COUNSEL OR PRESIDENT PHONE: 757-664-6510 EMAIL: MONTHLYPARKING@NORFOLK.GOV | TRADE DEBT | | $0 | $0 | $38,449 |
| 7 | ACUATIVE CORPORATION 27460 NETWORK PLACE CHICAGO, IL, 60673-1274 | ATTN: VINCE SCIARRA, CEO PHONE: 973-227-8040 EMAIL: VSCIARRA@ACUATIVE.COM | TRADE DEBT | | $0 | $0 | $34,617 |
| 8 | OTIS ELEVATOR COMPANY 1444 N COCKRELL HILL RD, SUITE 102 DALLAS, TX 75211 | ATTN: JUDY MARKS, CEO, KELLY CONNOLLY, TREASURY SERVICES; LANETTE NORTH, CREDIT & COLLECTIONS ASSOC. DIR. PHONE: 800-233-6847 EMAIL: KELLY.CONNOLLY2@OTIS.COM; LANETTE.NORTH@OTIS.COM | TRADE DEBT | | $0 | $0 | $28,812 |
| 9 | INTEGRITY FACILITY SOLUTIONS INC 1910 PACIFIC AVE STE 20000 DALLAS, TX, 75201 | ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 214-382-2707 EMAIL: INFO@INTEGRITYFACILITY.COM | TRADE DEBT | | $0 | $0 | $22,632 |
| 10 | ABM JANITORIAL SERVICES 180 N LA SALLE ST, SUITE 1700 CHICAGO, IL 60601 | ATTN: SCOTT SALMIRS, CEO, EAN L. KRYSKA, ASSISTANT GENERAL COUNSEL PHONE: 866-624-1520 EMAIL: EAN.KRYSKA@ABM.COM | TRADE DEBT | | $0 | $0 | $20,720 |
| 11 | CHARGEPOINT, INC. DEPT LA 24104 PASADENA, CA, 91185-4104 | ATTN: RICK WILMER, CEO PHONE: 408-841-4500 EMAIL: ARENEWAL@CHARGEPOINT.COM | TRADE DEBT | | $0 | $0 | $18,948 |
| 12 | SAVATREE 29885 NETWORK PLACE CHICAGO, IL, 60673-1298 | ATTN: ARMIN MEHIC, SENIOR DIECTOR, DANIEL VAN STARRENBURG, PRESIDENT PHONE: 914-777-1399 EMAIL: DSTARRENBURG@SAVATREE.COM | TRADE DEBT | | $0 | $0 | $17,760 |
| 13 | SHIFT LOGIC LLP 11870 SANTA MONICA BLVD LOS ANGELES, CA, 90025 | ATTN: JEFF LANDRETH, PRINCIPAL PHONE: 213-204-2380 EMAIL: JLANDRETH@SHIFT-LOGIC.COM | TRADE DEBT | | $0 | $0 | $13,900 |
| 14 | RESTORATION MANAGEMENT COMPANY 3090 INDEPENDENCE DRIVE LIVERMORE, CA, 94551 | ATTN: JON TAKATA, CEO PHONE: 800-400-5058 EMAIL: CALLCENTER@RMC.COM | TRADE DEBT | | $0 | $0 | $12,776 |
| 15 | B&B ROLLING DOOR CO., INC 8359 NW 54TH STREET MIAMI, FL 33166 | ATTN: CELSO BALAN, CEO PHONE: 786-321-2946 EMAIL: INFO@BBROLLINGDOOR.COM | TRADE DEBT | | $0 | $0 | $12,552 |
| 16 | CLIFFORD POWER SYSTEMS, INC 9310 EAST 46TH STREET NORTH TULSA, OK, 74117 | ATTN: KEN CLIFFORD, CEO PHONE: 918-836-0066 EMAIL: CPSCREDITREQUEST@CLIFFORDPOWER.COM | TRADE DEBT | | $0 | $0 | $12,079 |
| 17 | ENVIRONMENTAL ENHANCEMENTS, INC. PO BOX 96110 CHARLOTTE, NC, 28296-6110 | ATTN: JEFF GARNER, CEO PHONE: 512-845-4333 EMAIL: ADMIN@ENVLANDSCAPES.COM | TRADE DEBT | | $0 | $0 | $11,381 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | CHILLER SYSTEMS SERVICE, INC. 1510 SWADLEY ST. LAKEWOOD, CO, 80215 | ATTN: R. SCOTT TRACY, PRESIDENT PHONE: 303-275-6250 FAX: 303-275-6254 | TRADE DEBT | | $0 | $0 | $11,058 |
| 19 | DAVCO WATERPROOFING SERVICES, INC 260 CRISTICH LANE CAMPBELL, CA, 95008 | ATTN: ANDREW C. WOOD, CEO PHONE: 408-371-4600 EMAIL: ANDY@DAVCOROOF.COM | TRADE DEBT | | $0 | $0 | $10,500 |
| 20 | ALLEGIANT FIRE PROTECTION LLC 2760 BEVERLY DRIVE SUITE 9 AURORA, IL, 60502 | ATTN: MIKE CARLI, CEO PHONE: 630-506-5535 FAX: 630-423-5942 EMAIL: CDARLING@ALLEGIANTFIRE.NET; JSYRE@ALLEGIANTFIRE.NET; JNOTTKE@ALLEGIANTFIRE.NET | TRADE DEBT | | $0 | $0 | $9,941 |
| 21 | SOUND INCORPORATED 1550 SHORE ROAD NAPERVILLE, IL, 60563 | ATTN: SANDIN BARUCIC, DIRECTOR OF OPERATIONS PHONE: 630-369-2900 EMAIL: MARKETING@SOUNDINC.COM | TRADE DEBT | | $0 | $0 | $8,898 |
| 22 | INTERACTIVE TOUCHSCREEN SOLUTIONS, INC. 7150 COLUMBIA GATEWAY DRIVE COLUMBIA, MD, 21046 | ATTN: JOHN GONZALES PHONE: 410-451-1540 EMAIL: INFO@ITOUCHINC.COM | TRADE DEBT | | $0 | $0 | $8,143 |
| 23 | TRANE U.S. INC 1535 NORTHEAST EXPY NE ATLANTA, GA 30329-2302 | ATTN: JESSIE BASNER, ASSOCIATE GENERAL COUNSEL PHONE: 866-720-5051 EMAIL: JESSIE.BASNER@TRANETECHNOLOGIES.COM | TRADE DEBT | | $0 | $0 | $7,995 |
| 24 | APBC ENTERPRISES LLC 215 TEAKWOOD LANE WOODSTOCK, GA, 30188 | ATTN: BRIAN JOHNSON PHONE: 770-674-1176 EMAIL: HR@ALLPROBUILDINGSERVICES.COM | TRADE DEBT | | $0 | $0 | $7,166 |
| 25 | INTERSTATE RESTORATION LLC 3401 QUORUM DRIVE FT. WORTH, TX, 76137-2725 | ATTN: STACY MAZUR PHONE: 800-622-6433 | TRADE DEBT | | $0 | $0 | $6,890 |
| 26 | BUILDING CARE SYSTEMS, INC. 8A EASY ST WATERVLIET, NY 12189 | ATTN: KEVIN STEVENS, PRESIDENT PHONE: 518-381-9831 EMAIL: CUSTOMERSERVICE@BUILDINGCARESYSTEMSNY. | TRADE DEBT | | $0 | $0 | $6,725 |
| 27 | GDI SERVICES INC 220 RESERVOIR STREET NEEDHAM, MA, 02494 | ATTN: CLAUDE BIGRAS, CEO EMAIL: CLAUDE.BIGRAS@GDI.COM | TRADE DEBT | | $0 | $0 | $6,487 |
| 28 | LPC COMMERCIAL SERVICES, INC. 1530 WILSON BOULEVARD SUITE 200 ARLINGTON, VA, 22209 | ATTN: CLAY DUVALL PHONE: 508-281-0226 EMAIL: NALT@LPC.COM | TRADE DEBT | | $0 | $0 | $6,477 |
| 29 | SCHINDLER ELEVATOR CORPORATION 200 E RANDOLPH ST, STE 5400 CHICAGO, IL 60601 | ATTN: GEOFFREY HUSSEY. GENERAL MANAGER PHONE: 800-225-3123 EMAIL: GEOFFREY.HUSSEY@SCHINDLER.COM | TRADE DEBT | | $0 | $0 | $6,442 |
| 30 | INSIGHT GLOBAL, LLC 4170 ASHFORD DUNWOOD ROAD ATLANTA, GA, 30319 | ATTN: GLENN JOHNSON, CEO PHONE: 855-485-8732 | TRADE DEBT | | $0 | $0 | $6,330 |